IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



HERDICINE AND DONNELL
ALEXANDER,
INDIVIDUALLY AND ON BEHALF OF
THE ESTATES AND ANY AND ALL
WRONGFUL DEATH BENEFICIARIES
OF JAYLON KERN AND
DONTEL ALEXANDER                                              PLAINTIFFS

VS.                            CIVIL ACTION NO. 3:10CV441 WHB-LRA

ADOBEAIR, INC., HOWARD
BERGER CO., ENTERGY
MISSISSIPPI, INC. AND JOHN
DOE DEFENDANTS 1-20                                           DEFENDANTS

## NOTICE OF REMOVAL

TO:   Barbara Dunn, Clerk
      Circuit Court of Hinds County
      P.O. Box 327
      Jackson, MS 39205

      Dennis C. Sweet, III, Esq.
      Sweet & Associates
      158 E. Pascagoula St.
      Jackson, MS 39201

      Herdicine Alexander
      c/o Dennis C. Sweet, III, Esq.
      Sweet & Associates
      158 E. Pascagoula St.
      Jackson, MS 39201

      Donnell Alexander
      c/o Dennis C. Sweet, III, Esq.
      Sweet & Associates
      158 E. Pascagoula St.
      Jackson, MS 39201

Rick D. Patt, Esq.
Patt Law Firm, PLLC
1520 N. State Street
Jackson, MS 39202

Eduardo A. Flechas, Esq.
Flechas and Associates, P.A.
318 S. State St.
Jackson, MS 39201

Charles E. Ross, Esq.
William B. Lovett, Jr., Esq.
Wise Carter Child & Caraway
P. O. Box 651
Jackson, MS 39205-0651

James W. Snider, Jr., Esq.
Entergy MS Inc.
P. O. Box 1640
Jackson, MS 39215-1640

YOU WILL PLEASE TAKE NOTICE that this Notice of Removal and the exhibits attached hereto have been filed this day for and on behalf of Howard Berger Co. in the United States District Court for the Southern District of Mississippi, Jackson Division. You are hereby served with a copy of this Notice of Removal of said cause to the United States District Court from the First Judicial District of the Circuit Court of Hinds County, Mississippi, upon the grounds stated herein. Pursuant to said removal, you will proceed no further in said Circuit Court of Hinds County, Mississippi, and you will be mindful of the provisions of Title 28 U.S.C. Section 1441, *et seq*. Please take notice hereof and govern yourselves accordingly.

As its short and plain statement of the grounds for removal of this civil action, Howard Berger Co. (hereinafter "HBC"), would show unto the Court the following:

I.

There is now pending in the First Judicial District of the Circuit Court of Hinds County, Mississippi, a certain civil action styled *"Herdicine and Donnell Alexander, Individually and on Behalf of the Estates and Any and All Wrongful Death Beneficiaries of Jaylon Kern and Dontel Alexander vs. Adobeair, Inc., Howard Berger Co., Entergy Mississippi, Inc. and John Doe Defendants 1-20,"* being Civil Action No. 251-10-514 CIV on the docket of said Court. Said civil action is a negligence and products liability action that seeks damages for the death of Jaylon Kern and Dontel Alexander which occurred in Jackson, Hinds County, Mississippi, on February 4, 2009. HBC was served with a copy of the Summons and Complaint by service upon Deborah E. Kolodner on July 12, 2010. Adobeair, Inc. (hereinafter "Adobeair"), is an entity which is not in good standing and presumably no longer a viable entity, as evidenced by Exhibit "A," and has not, upon information and belief, been served with a copy of the Summons and Complaint. Therefore, joinder of Adobeair in this Notice of Removal is not required. Entergy Mississippi, Inc. (hereinafter "Entergy") was served with a copy of the Summons and Complaint by service upon Jim Snider on July 14, 2010. As will be shown herein, Entergy has been fraudulently joined by the plaintiffs in an effort to defeat the diversity jurisdiction of this Court. Because it was fraudulently joined, it is not necessary for Entergy to join in this Notice of Removal. The time within which the properly served defendant is required to plead, answer or otherwise respond to the Complaint has not yet expired, and the thirty (30) day period within which to file for and obtain removal of said civil action has not yet expired.

## II.

Plaintiffs Herdicine and Donnell Alexander, the representatives for the wrongful death beneficiaries, were alleged at the time the Complaint was filed to be adult resident citizens of Mississippi, and defendant HBC avers that plaintiffs Hercidine and Donnel Alexander are, at the time of the filing of this Notice of Removal, still adult resident citizens of Mississippi. The decedents, Jaylon Kern and Dontel Alexander, were minor resident citizens of the State of Mississippi at the time of their death. Defendant HBC was, at the time the Complaint was filed, and is presently a corporation organized and existing under the laws of the State of New York, with its principal place of business in Monroe Township, New Jersey. Adobeair was a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Phoenix, Arizona, until its good standing was revoked on December 30, 2009. *See* collective Exhibit "A," Revocation of Good Standing in Arizona and Status of Corporation in Delaware. Entergy was, at the time the Complaint was filed, and is presently a corporation organized and existing under the laws of the State of Mississippi, with its principal place of business in Jackson, Mississippi. However, because there is no evidentiary basis upon which to support plaintiffs' claims against Entergy, there is no possibility of recovery against it, making it a fraudulently joined party. There is, therefore, complete diversity of citizenship between the named and proper defendant HBC and plaintiffs.

When determining whether a defendant was improperly joined, a court must resolve disputed questions of fact in favor of the plaintiffs, "but *only* when there is an actual controversy, that is, when *both* parties have submitted *evidence* of contradictory facts." *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000). *See also Anderson v. Equitable Life Assurance*

*Society of the U.S.*, 248 F. Supp. 2d 584, 590 (S.D. Miss. 2003). Therefore, in cases "in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder[,] . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood v. Illinois Central RR*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Badon*, 224 F.3d at 389 n.10)). *See also Parks v. New York Times*, 308 F.2d 474, 477 (5th Cir. 1962) ("[A] joinder is fraudulent if the facts asserted with respect to the resident defendant are shown to be so clearly false as to demonstrate that no factual basis existed for any honest belief on the part of the plaintiff that there was joint liability.").

In support of their negligence and product liability claims against Entergy in the Complaint, plaintiffs allege that power surges occurred at plaintiffs' residence on the night in question. *See* Complaint at ¶¶58-67. However, there is no evidence whatsoever to support such a claim, and without that factual assertion, both the negligence and product liability claims fail as a matter of law. Entergy has analyzed data concerning its supply of electricity to plaintiffs' residence and has determined that no surge occurred on the night of the subject fire. *See* Exhibit "B," Affidavit of Phillip D. Tigrett. In fact, the current and/or voltage to the plaintiffs' home did not vary from normal limits. *Id.* Entergy received no complaints that night from any of its customers supplied by the same line or transformer. *Id.* Both the meter and transformer serving the plaintiffs' home remain in service. *Id.* As in *Badon*, unless plaintiffs have any evidence to support their version of the facts, there is no reasonable basis for this court to predict that plaintiffs might be able to recover against Entergy. Therefore, Entergy is improperly joined as a party, and there is complete diversity of citizenship in this matter.

### III.

Although plaintiffs' Complaint does not contain a specific dollar demand, it is facially apparent from the allegations of the Complaint that the amount in controversy in said civil action exceeds the sum and value of $75,000.00 exclusive of interest and costs. The demand made by plaintiffs Hercidine and Dontel Alexander in said civil action seeks compensatory damages for "the economic loss of their home, furnishings, clothing and appliances, costs of temporary housing, hospital and medical bills, lost wages, pain and suffering, emotional distress and mental anguish, and the loss of love, society, and companionship for their children" and for wrongful death damages payable to the estate. Moreover, the Complaint also seeks unspecified punitive damages against Defendants. Therefore, the $75,000 amount in controversy requirement of 28 U.S.C. § 1332 is satisfied in this case. *See American Heritage Life Ins. Co. v. Lang*, 321 F. 3d 533, 537 (5th Cir. 2003); *Rodriguez v. Kivett's, Inc.*, 2006 U.S. Dist. LEXIS 70254, *3 (S.D. Miss. 2006) ("[A]s Plaintiff seeks compensatory and punitive damages arising from the alleged wrongful death of Barahona, the Court finds it is facially apparent that she is seeking damages in an amount greater than the jurisdictional limit."); *De Aguilar v. Boeing Co.*., 11 F. 3d 55, 57 (5th Cir. 1993) ("[A]lthough the complaint in the instant case did not specify an amount of damages, it is facially apparent . . . that the claims in this case - claims for wrongful death, terror in anticipation of death, loss of companionship, and funeral expenses - did exceed [the jurisdictional amount].")

### IV.

Pursuant to the provisions of Title 28 U.S.C. Section 1441, *et seq.*, this civil action is removable by defendant HBC.

V.

Defendant HBC attaches hereto, as Exhibit "C," a certified copy of the entire court file in Civil Action No. 251-10-514 CIV in the First Judicial District of the Circuit Court of Hinds County, Mississippi, and asks that said exhibit be considered a part hereof the same as though copied herein in words and figures in full.

VI.

Defendant HBC, upon the filing of this Notice of Removal, has given notice to plaintiffs and their attorneys of record, Dennis C. Sweet, III, , Rick D. Patt, and Eduardo A. Flechas, all of Jackson, Mississippi, of the filing of this Notice of Removal of said civil action, as well as to Charles E. Ross and William B. Lovett, Jr. of Jackson, Mississippi, counsel for Entergy Mississippi, Inc. Simultaneously herewith, HBC, has filed a true and correct copy of the Notice of Removal with the Clerk of the First Judicial District of the Circuit Court of Hinds County at Jackson, Mississippi, together with the exhibits thereto, all in compliance with Title 28 U.S.C. Section 1446(d).

WHEREFORE, PREMISES CONSIDERED, defendant HBC, prays that this Notice of Removal and exhibits thereto be received and filed, and that the said First Judicial District of the Circuit Court of Hinds County, Mississippi, proceed no further herein. Defendant HBC further prays for all writs to bring before this Honorable Court all records and proceedings in the said First Judicial District of the Circuit Court of Hinds County, Mississippi, and this Defendant prays for such other, further, special and general relief as it is entitled to receive.

Respectfully submitted,

HOWARD BERGER CO.

By: _____
OF COUNSEL

WILTON V. BYARS, III - BAR #9335
DANIEL COKER HORTON & BELL, P.A.
265 NORTH LAMAR BOULEVARD, SUITE R
P. O. BOX 1396
OXFORD, MS 38655-1396
(662) 232-8979

TOM R. JULIAN, ESQ. - MSB # 101905
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
P. O. BOX 1084
JACKSON, MS 39215-1084
(601) 969-7607 TELEPHONE
(601) 969-1116 FACSIMILE

## CERTIFICATE

I, Tom R. Julian, of counsel for Howard Berger Co., do hereby certify that I have this day mailed a true and correct copy of the above and foregoing pleading to:

    Dennis C. Sweet, III, Esq.
    Sweet & Associates
    158 E. Pascagoula St.
    Jackson, MS 39201

    Rick D. Patt, Esq.
    Patt Law Firm, PLLC
    1520 N. State Street
    Jackson, MS 39202

    Eduardo A. Flechas, Esq.
    Flechas and Associates, P.A.
    318 S. State St.
    Jackson, MS 39201

    Charles E. Ross, Esq.
    William B. Lovett, Jr., Esq.
    Wise Carter Child & Caraway
    P. O. Box 651
    Jackson, MS 39205-0651

    James W. Snider, Jr., Esq.
    Entergy MS Inc.
    P. O. Box 1640
    Jackson, MS 39215-1640

THIS, the 11 day of August, 2010.

                                            TOM R. JULIAN